# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SANDRA L. WILVER,**

      **Plaintiff,**

**v.**                           **CASE NO. 8:07-CV-488-T-EAJ**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

      **Defendant.**

_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42 United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed, the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g) (2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). If there is substantial evidence

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979) (citations omitted).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## I.

Plaintiff filed an application for DIB and SSI payments on May 18, 2004, claiming an onset date of December 28, 2003.[2] (T 67) Plaintiff's application was denied initially, upon reconsideration, and by the ALJ in a decision issued on May 16, 2006. (T 31, 57, 60) On January 19, 2007, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. (T 3)

Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits (Dkt. 1).  Having exhausted all administrative remedies, the Commissioner's decision is ripe for review under the Act.

Plaintiff, 47 years old at the time of the administrative hearing on April 5, 2006, has an eleventh grade education. (T 233) She has previously been employed as a travel agent, housekeeper, waitress, and kennel attendant. (T 101, 233) Plaintiff alleges that she is disabled as a result of bipolar

---

[2] The ALJ's decision erroneously cites Plaintiff's application date as February 25, 2004. (T 23)

2

disorder. (T 100) She claims that this condition limits her ability to work by causing anxiety attacks, sleep deprivation, and severe depression. (Id.)

Following the administrative hearing, the ALJ determined that claimant's bipolar disorder and panic disorder were severe impairments.[3] (T 25) The ALJ stated, however, that Plaintiff's impairments, alone or in combination, did not meet or medically equal those in Appendix 1, Subpart P, and Regulation No. 4, as required by 20 C.F.R. § 404.1520 for a finding of disability. (T 25)

The ALJ considered Plaintiff's symptoms, objective medical evidence, and opinion evidence in determining Plaintiff's residual functional capacity ("RFC"). (T 26) The ALJ found that Plaintiff has the RFC to:

> [P]erform medium work activity.  Specifically, the Administrative Law Judge finds that the claimant can lift up to 50 pounds occasionally and 25 pounds frequently. Because of her mental status, the Administrative Law Judge finds that the claimant has a moderate limitation in activities of daily living and maintaining social functioning, a mild limitation in concentration, persistence or pace and no episodes of decompensation each of extended duration.

(Id.)

The ALJ also addressed Plaintiff's testimony as compared with the medical evidence and found that her allegations were not entirely credible. (T 29-30) Based on Plaintiff's RFC and the testimony of a vocational expert ("VE"), the ALJ concluded that Plaintiff is able to perform her past relevant work. (T 31) Therefore, the ALJ concluded that Plaintiff is not disabled as defined in the Act. (Id.)

The medical evidence has been summarized in the ALJ's decision and will not be repeated

---

[3] Plaintiff alleges only bipolar disorder as the basis of her disability claim in her application for benefits. (T 100) The ALJ found, however, that Plaintiff suffered from both bipolar and panic disorders, which was the diagnosis of consultative physician Gerald J. Hodan, Ph.D., ("Dr. Hodan"). (T 25, 191).

here except as necessary to address the issues presented.

## II.

Plaintiff appears to make four arguments on appeal. First, Plaintiff alleges that the ALJ erred in discrediting the various treating physicians' opinions (Dkt. 15 at 3-5). Second, Plaintiff argues that the ALJ erred by relying on a consultative medical expert's opinion because it is inconsistent with treating source opinions (Id. at 5-12). Third, Plaintiff claims that the ALJ failed to provide a proper RFC (Id. at 12-14). Finally, the Plaintiff argues that the ALJ improperly evaluated the credibility of Plaintiff's testimony (Id. at 14-15).

As an initial matter, Plaintiff fails to provide any citations of legal authority in support of all of her arguments. The court will address only those issues which appear to be developed legally and factually; poorly developed arguments in "shot-gun" style legal briefs will not be addressed as it is incumbent on Plaintiff (through her designated attorney) to establish her arguments with specificity, not in a conclusory manner. Squires v. Astrue, No. 8:07-CV-180-T-EAJ, 2008 WL 341345, at *2 n. 3 (M.D. Fla. Feb. 5, 2008).

## A. Treating Physicians

Plaintiff alleges that the ALJ failed to adequately consider the testimony of Berny Excellent, M.D., ("Dr. Excellent"), Plaintiff's treating psychiatrist at Suncoast Center for Community Mental Health ("SCCMH") (Dkt. 15 at 2). She further alleges that the ALJ failed to adequately consider the opinion of Linda Lefler, M.D., ("Dr. Lefler"), another SCCMH psychiatrist who signed off on a nurse practitioner's mental health assessment of Plaintiff (Id. at 4).

The ALJ should give a treating physician's opinion controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not

4

inconsistent with other substantial evidence." 20 C.F.R. § 404.1527(d)(2). Plaintiff claims that the ALJ disregarded the opinion of Dr. Excellent without sufficient rationale; however, the ALJ actually discussed Dr. Excellent's opinion quite extensively. (T 28-29) Dr. Excellent examined Plaintiff three times. (T 28-29) On September 13, 2005, Dr. Excellent diagnosed Plaintiff with bipolar affective disorder. (T 221) Dr. Excellent reported, however, that Plaintiff interacted adequately, her affect was appropriate to her thought content, and she was able to participate in her own care. (T 221-22) He further explained that Plaintiff denied hallucinations and suicidal thought. (T 221) He assigned Plaintiff a Global Assessment Function ("GAF") of 56.[4] (Id.) On November 8, 2005, Dr. Excellent again assessed Plaintiff's GAF at 56. (T 220) He noted that Plaintiff reported that she was doing well with her medication and that her mood was stable. (Id.) On January 31, 2006, Dr. Excellent again reported that Plaintiff was doing well and even commented that Plaintiff spent two weeks with her family in Ohio. (T 228) He assessed her GAF at 57 on that date. (Id.)

The ALJ did not dispute Dr. Excellent's diagnosis. (T 30) In fact, the ALJ found Plaintiff's bipolar disorder to be severe. (T 25) Further, the ALJ relied on Dr. Excellent's opinion in determining Plaintiff's RFC for medium work. (T 28, 30) The ALJ also referenced Dr. Excellent's opinion when discrediting the mental health assessments performed by Plaintiff's nurse practitioner, Cheryl McLean, A.R.N.P., ("Ms. McLean") (an issue discussed below). (Id.) The ALJ not only

---

[4] GAF is a standard measurement of an individual's overall functioning level with respect to "psychological, social, and occupational functioning." American Psychiatric Ass'n Diagnostic and Statistical Manual of Mental Disorders at 32 (4th ed. 1994) ("DSM-IV"). A GAF of 51-60 indicates either "moderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) or moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or coworkers)." Id.

discussed the specific findings in Dr. Excellent's opinion, but he also considered them in his conclusions. (T 28-30) Therefore, Plaintiff's first argument is without merit.[5]

Plaintiff next argues that the ALJ erred by failing to appropriately weigh a mental health assessment performed by Ms. McLean and signed by Dr. Lefler (Dkt. 15 at 4).  Ms. McLean diagnosed Plaintiff with Bipolar II Disorder with periods of depression and anxiety; however, she also stated that Plaintiff is able to complete simple tasks and is competent to manage her own funds. (T 174) Plaintiff claims that because Dr. Lefler signed Ms. McLean's assessment it became a treating physician's opinion and the ALJ should have assigned the opinion greater weight. (Dkt. 15 at 4).

A nurse practitioner's opinion is not afforded the same weight as a treating physician; rather it is only entitled to fair consideration.  Crist v. Astrue, No. 8:06-CV-1587-T-26TMB, 2008 WL 821934, at *10 (M.D. Fla. Mar. 26, 2008) (citing 20 C.F.R. §§ 404.1513(d), 416.913(d)).  The ALJ weighed the complaints Plaintiff made during Ms. McLean's assessment, the medications prescribed, and the side-effects of those medications. (T 26-28)  He also addressed two other mental health assessments performed by Ms. McLean. (T 30)  In discounting them, the ALJ explained that "these opinions were based on the claimant's complaints more than it [sic] was upon actual findings." (T 30)  As noted above, the ALJ also stated that Ms. McLean's opinions were inconsistent with Dr. Excellent's, and he gave explicit reasons for this finding.  The ALJ stated, "[n]urse practitioner McLean stated that the claimant had poor focus and concentration." (T 30)  He went on to explain that "Dr. Excellent, a specialist in psychiatry did not report such findings" and instead

---

[5]  Plaintiff's suggests that Dr. Excellent's diagnosis amounts to a finding that Plaintiff's mental disorder is "characterized by marked impairment of social and/or occupational functioning . . ." (Dkt. 15 at 3)  This argument has no support in the record.

stated that Dr. Excellent found that "claimant was able to participate actively in her own care, she was not a danger to herself or others and that no collaboration between him and the claimant's primary care doctor was necessary." (T 30) Thus, the ALJ's consideration of Ms. McLean's opinion was proper.

 Moreover, even if Ms. McLean's opinion were deserving of the same weight as a treating physician, the ALJ still properly discredited it. The opinion of the treating physician regarding a disability or inability to work may be discounted if it is unsupported by objective medical evidence, conclusory, or contrary to the evidence.  Bloodsworth, 703 F.2d at 1240; see also Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991).   However, the ALJ must identify specific evidence in the record which supports this conclusion.  See, e.g., Spencer v. Heckler, 765 F.2d 1090, 1093-94 (11th Cir. 1985); Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). The ALJ did identify specific evidence in discrediting Ms. McLean's assessments, as noted above. (T 30)

The ALJ extensively discussed the opinions of Dr. Excellent and Ms. McLean in his opinion. (T 27-30) He did not discredit Dr. Excellent's opinion and he gave a sufficient rationale for discrediting the opinion of Ms. McLean.  (T 30) Therefore, the ALJ did not err in evaluating the treating physicians' opinions.

## B.  Medical Expert

Plaintiff next argues that the ALJ erred by relying on the opinion of consulting psychologist David Kazar, M.D., ("Dr. Kazar") because during the administrative hearing he referred to Plaintiff's average GAF score as 57 instead of 56 (Dkt. 15 at 10).   Again, Plaintiff fails to cite any supporting legal authority; however, she claims that because Dr. Kazar's calculation is inaccurate it cannot be used to discredit a treating source opinion (Id. at 12).  At the hearing, Dr. Kazar testified

that Plaintiff showed moderate limitations in activities of daily living and social functioning and mild limitations in concentration, persistence, and pace. (T 244) When he was asked what Plaintiff's GAF average was based on the record, he replied "it would probably be 57" and again responded that he was guessing. (T 247) Dr. Kazar's testimony concerning Plaintiff's GAF score is consistent with Plaintiff's GAF scores assigned by Dr. Excellent and Ms. McLean, which fall between 55-60. (T 211, 247) That Dr. Kazar miscalculated the average GAF score to be 57 instead of 56 is a harmless error as there is no significant difference between the two numbers on the GAF scale (see supra note 4). Therefore, the ALJ did not err in considering Dr. Kazar's testimony concerning Plaintiff's GAF score.

## C.  Residual Functional Capacity

The ALJ found Plaintiff maintained the RFC to perform medium work activity. (T 26) Plaintiff claims that the ALJ's RFC determination is not based on substantial evidence and that the ALJ should have found Plaintiff's RFC to be less than sedentary work activity (Dkt. 15 at 13). A claimant's RFC is her ability to do physical and mental work activities on a sustained basis despite her limitations from her impairments. 20 C.F.R. § 404.1520(e). In making an RFC determination, the ALJ must consider the medical evidence as well as other evidence in the record. Id.

The ALJ considered Plaintiff's symptoms, the objective medical evidence, and opinion evidence in formulating Plaintiff's RFC. (T 26) The ALJ discussed Plaintiff's psychiatric history, including her diagnoses and medications. (Id.) The ALJ explained that Plaintiff's thoughts were reality-based and generally organized, her memory was intact, and her medication stabilized her mood. (Id.) As noted above, the ALJ also discussed Plaintiff's treating physicians' opinions. (T 27-29) The ALJ further considered the opinions of one-time examining physician Gerald J. Hodan,

8

Ph.D., ("Dr. Hodan") and Dr. Kazar, both of whom opined that Plaintiff has only moderate functional limitations. (T 28-29, 191, 248) The ALJ adequately considered the medical evidence surrounding Plaintiff's complaints in formulating her RFC and this issue is also without merit.

**D.  Plaintiff's Credibility**

Finally, Plaintiff claims that the ALJ failed to properly evaluate her credibility (Dkt. 15 at 16).  The ALJ must evaluate the credibility of Plaintiff's testimony as to her symptoms and articulate any reasons for rejecting such testimony.  Sewell v. Bowen, 792 F.2d 1065, 1068 (11th Cir. 1986). These reasons must be supported by substantial evidence.  Hale v. Bowen, 831 F.2d 1007, 1010-11 (11th Cir. 1987).

The ALJ properly reasoned that Plaintiff's current medical regime, the GAF assessments, as well as Plaintiff's medical opinions were inconsistent with Plaintiff's complaints of "totally disabling and uncontrollable symptoms such as depression and panic attacks."  (T 30) The evidence cited by the ALJ is supported by the record.

Although Plaintiff was diagnosed with bipolar disorder, she reported to Ms. McLean in October 2004 that the medications stabilized her mood and helped manage her symptoms. (T 125) On January 25, 2005, Plaintiff reported to another nurse practitioner at SCCMH "that she has been doing really well on her current medications and she is sleeping well at night." (T 120) Plaintiff also reported to Dr. Excellent on more than one occasion that she was doing well. (T 220, 228) She mentioned that she had traveled to Ohio and that she had been sleeping well. (T 228) Further, Plaintiff reported to Dr. Hoden that she cares for herself, goes to the beach, goes to the library, manages her own funds, and cares for her household.  (T 190)

Finally, the ALJ considered the various GAF assessments from each of the sources. (T 29)

9

Dr. Excellent assigned a GAF of 56 to Plaintiff on November 8, 2005 and a GAF of 57 on January 31, 2005. (T 29, 220, 228)  Ms. McLean assessed a GAF of 55. (T 28, 211)  Dr. Hodan assigned a GAF of 60. (T 28, 192) Dr. Kazar assigned an average GAF score of 57. (T 29, 247)  All of these assessments are consistent with the ALJ's finding of moderate limitations and are inconsistent with Plaintiff's complaints of disability.[6]  See Tindal v. Astrue, No. 3:06-CV-1095-J-TEM, 2008 WL 725552, at *9  (M.D. Fla. Mar. 17, 2008).

Therefore, the ALJ properly discredited Plaintiff's complaints. There is substantial evidence to support the ALJ's finding on this issue.  See generally Allen v. Sullivan, 880 F.2d 1200, 1203 (11th Cir. 1989).  The court is not free to reweigh the evidence or substitute its judgment for that of the Commissioner.  Bloodsworth v. Heckler, 703 F.2d at 1239.

## III.

Plaintiff has failed to show that the ALJ erred in evaluating the medical opinions of the treating physician and the medical expert.  Nor has Plaintiff shown that the ALJ erred in determining Plaintiff's RFC or in examining Plaintiff's credibility.

The ALJ's decision is supported by substantial evidence and the proper legal principles.  The decision of the Commissioner denying Plaintiff's applications for DIB and SSI payments is therefore affirmed.

Accordingly and upon consideration, it is **ORDERED AND ADJUDGED** that:

(1)      the decision of the Commissioner is **AFFIRMED**, and this case is **DISMISSED**, with each

party to bear its own costs and expenses; and

---

[6]  The ALJ observed that GAF scores between 55 and 60 are indicative of moderate symptoms or moderate impairment in functioning in the Diagnostic and Statistical Manual of Mental Disorders.  (T 30)

10

(2)     the Clerk of Court shall enter final judgment in favor of Defendant consistent with 42 U.S.C.

§§ 405(g) and 1383(c)(3).

**DONE AND ORDERED** in Tampa, Florida this 21st day of July, 2008.

ELIZABETH A JENKINS
United States Magistrate Judge